UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| TYLER ANDERSON )<br>                                 )<br>    Plaintiff             )<br>                                 )<br>v.                               )<br>                                 )<br>                                 )<br>UNIVERSITY OF NEW ENGLAND    )<br>                                 )<br>    Defendant          ) | Civil Action No. 2:21<br><br>**PLAINTIFF'S COMPLAINT FOR HARASSMENT, RETALIATION, BREACH OF CONTRACT AND CONSTITUTIONAL VIOLATIONS** |

NOW COMES, Plaintiff Tyler Anderson ("Anderson" or "Plaintiff"), by and his attorney, the Law Office of Guy D. Loranger, to complain against Defendant University of New England ("UNE") as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Anderson is a resident of Massachusetts

2. Defendant UNE operates a college with campuses in Biddeford and Portland, Maine.

3. Jurisdiction is based on diversity and federal questions. The damages in the case exceed $75,000.

4. Plaintiff requests a jury trial.

## ALLEGATIONS

5. Anderson attended UNE as a student from 2015 to 2018.

6. In the fall of 2018, Anderson began his senior year at UNE.

7. Anderson class schedule included a Biochemistry class with Professor Deena Small ("Small")

1

8. During the first day of class, Small made eye contact with Anderson followed with a smile.

9. At the next class, Small greeted Anderson with a big smile, like she knew him and was glad to see him. Small also brushed by Anderson, asking how he was doing. By her greeting, Anderson assumed the two had met somewhere in school, but he forgot her name. He said throughout the class he was preoccupied with trying to figure out how they knew each other.

10. On or about September 5th, at the beginning of class, Small again greeted Anderson with a big "hello" and used his name. During the class, Anderson believes he received inappropriate eye contact with an occasional smile. Anderson spent much of the class wondering why he was receiving such attention.

11. On or about September 7th, Small met Anderson with another greeting, again causing Anderson to believe that he was singled out. He, therefore, changed his seat, and thought of changing classes.

12. On or about September 10th, Small approached Anderson after class and asked him how he liked the class. Small then noted that Anderson was smart, attractive and should do well after graduation. Small also commented that she like the way Anderson dressed. As Anderson left, Small gave his arm a slight squeeze before leaving and dropping her hand.

13. On or about September 12th, Small asked Anderson to see her after class. He waited. Small then asked how Anderson how was doing, and said he looked sharp. Small also asked how often Anderson worked out and added that it shows and touched his arm.

14. On or about September 13th, Anderson missed some classes because of a bad headache from tension and anxiety.

15. On or about September 14th, as class ended, Small made eye contact with Anderson and used her hand to signal for him to stay. Small then came within a few feet of Anderson and said let us chat, but not here, meet me at a restaurant. Anderson said he would not remember the name, so he asked Small to text him with the name. Small said that she currently did not have the capability. Anderson said the time would not work because he was headed back home to Massachusetts and wanted to beat the traffic. Small said they could figure out a time when they have their next class.

16. On or about September 17th, after class ended, Small spoke to Anderson and suggested they meet at Alex Pizza. Anderson then drove to Alex Pizza and parked on the same side of the street as Alex. Small arrived in a gray Toyota and pulled up next to him. Small suggested they go somewhere else, so Anderson got into her car. They rode for about 20 minutes and ended up at a coffee shop. The coffee shop had double doors and the interior was brown, and they sat at a booth, sitting on the opposite side. Anderson ordered coffee. Their legs touched and Small touched Anderson's hand. Small asked if there was any attraction, Tyler said he was not interested. Small suggested going for drinks. Anderson declined. Anderson paid for his coffee. Small was not happy with Anderson's response. After about 15 minutes, Small took Anderson back to Alex's Pizza where he got his car and went back to campus.

17. Later that evening, Anderson spoke to his father. During the call, Anderson's father noticed a distinct change in Anderson's demeanor and a flatness in his voice. Also, a lack of enthusiasm.

18. On or about September 18th, Anderson again spoke to his father. His father was concerned regarding the previous night's call. When his father asked if something was wrong, Anderson responded he did not want to talk about it.

19. On or about September 19th, Small approached Anderson at the entrance to the lecture hall and asked if he had thought about things. Anderson asked, "is this about a relationship?" She replied, "could be, or something more casual" He said she was not what he was looking for in a woman, and he also needed to focus on his studies. He said he considered dropping her class. She was not happy. Her personality changed.

20. On or about September 19th, Anderson he missed some classes and stayed in his dorm. He subsequently periodically missed the biochemistry class.

21. On or about September 26th, Anderson's father accessed Anderson's UNE account, hoping to determine the reason for his son's unusual behavior. The father discovered an email communication between the Biochemistry Department regarding his son's failure to seek certification for lab safety. The father, however, found no issues with other classes, seeing only pleasant emails with other professors.

22. By the end of September, Anderson was depressed and thinking about dropping the Biochemistry class.

23. On or about September 30th Anderson's parents went to visit him because of his recent behavior. During the visit, Anderson broke down in tears, but would not reveal what was bothering him.

24. On or about October 1st. Anderson's father contacted his son's physician, believing intervention was necessary.

25. On or about October 2nd, the Academic Dean Keirstead ("Keirstead") sent an email to Small asking her to reach out to Anderson.

26. On or about October 11th, Keirstead again communicated with Small to attempt to help Anderson. At this point, Small obviously knew her behavior was unethical and had caused serious damage to Anderson, resulting in his current emotional state and academic struggles.

27. Small, unfortunately, did not take responsibility for her unethical actions. Small, instead, unconscionably retaliated against Anderson by labeling him a threat to her safety. Specifically, Small told Keirstead of her intent to contact the Director of Security because she felt threatened by Anderson.

28. Over the next month, Small continued to treat Anderson with disdain, not allowing reasonable academic requests from him, and most significantly continued to defame Anderson by claiming he was a threat to her safety.

29. In response to Small's false allegations of Anderson threatening her safety, on or about November 1st, Keirstead offered Small a panic button. Keirstead made the threat despite the Dean's office security finding that Anderson posed no threat.

30. Small's false allegations unfortunately became public knowledge on campus thus causing further damage to Anderson.

31. On or about November 8th, Small sent an email to Anderson regarding his request to make up assignments and withdrawing from the course. In response to the email, Anderson filed a Title IX complaint and requested to withdraw from Small's class as well request that Small to cease and desist with her retaliatory behavior.

32. On or about November 12th, Small continued to defame Anderson by commencing to have a security person escort her to class and then sit in on the lecture. This caused students to further believe that Anderson was a threat on campus.

33. In November, without the requisite due process, UNE involuntarily removed Anderson from his dorm for alleged safety issues. UNEs illegal action thus only further created a false portrayal of Anderson as a threat on campus.

34. On or about December 4th, Anderson's father spoke to UNE's Head of Security to request an investigation into students, alarmed by the false portrayal of Anderson as a threat, allegedly armed themselves with knives to defend themselves from Anderson.

35. UNE then compounded the portrayal of Anderson as a risk by removing him, again without regard for his constitutionally afforded due process, from campus and housing him in a nearby hotel with a link to view lectures.

36. In December of 2018, UNE completed its investigation into Anderson's Title IX complaint and prepared a report. On or about January 2, 2019, Anderson's father notified UNE of errors in the report.

37. Plaintiff repeats and asserts the allegations above as though fully set forth herein.

38. In her conduct as a Professor at the school, Small was at all times acting under the color of State Law as an agent and an employee of UNE. Small was acting in the course and scope of her duties as a Professor during the time she engaged in this conduct with Plaintiff.

39. Small's conduct was performed in bad faith, with malice and/or reckless disregard for the emotional and/or physical health of Plaintiff and constitutes egregious and outrageous behavior. Small's conduct with Plaintiff violated his constitutional rights of substantive

due process, including, but not limited to his right to integrity, personal privacy and bodily security.

40. The facts and circumstances of this case demonstrate that Defendant Small's conduct towards Plaintiff on each occasion was clearly unreasonable.

41. As a result of Small's conduct, Plaintiff has suffered damage including those set forth in the prayer for damages.

## COUNT I

## 42 USC 1983.

42. Plaintiff repeats and reasserts the allegations above as though fully set forth herein.

43. UNE, including its administrators, employees, staff and agents, including through Defendant

44. In February of 2019, UNE issued its final report without addressing the errors raised by Anderson's father. In the report, UNE, not surprisingly, completely exonerated itself of any wrongdoing.

45. Anderson did not return to UNE for the spring semester.

## COUNT II – 42 USC 1983

46. Plaintiff repeats and reasserts the allegations of paragraphs 1 through 38 of the Complaint as if fully set forth therein.

47. UNE and Small were always acting under color of state law as an instrumentality of the state and exercising their duties as employees of UNE.

48. UNE failed to adequately train or supervise its administrators, employees, staff, and agents regarding staff conduct with students, harassment, sexual harassment of students, and retaliation.

49. After having the opportunity make a reasoned and rational decisions, UNE and Small failed to act to protect Anderson, instead labeling Anderson as a threat on campus.

50. UNE and Small had knowledge of or were deliberately indifferent to clear, obvious, and present peril to Anderson, or were grossly negligent in responding to such peril.

51. UNE's and Small's actions and inactions were reckless to the point of shocking the conscience.

52. As a result, UNE and Small created an unreasonable risk of harm to Plaintiff.

53. UNE and Small's actions and inactions violated Anderson's constitutional right of substantive and procedural due process, including, but not limited to, his right to bodily integrity, personal privacy, and bodily security.

54. As a result of UNE and Small's conduct, Anderson has suffered damages, including counseling and/or medical expenses, severe emotional distress, humiliation, embarrassment, attorneys' fees, and costs to address the conduct set forth above.

## COUNT III NEGLIGENCE

55. Plaintiff repeats and reasserts all allegations of paragraph1 through 38 of the Complaint as is fully set forth herein.

56. UNE and Small owed duties to Anderson, including, but not limited to:

    a. To ensure that its policies and procedures concerning staff conduct with students, harassment and sexual harassment of students, and investigations were enforced.

    b. To ensure that its administration, staff, and employees concerning sexual misconduct and investigation; and

    c. To ensure a safe environment for its students free from abuse and misconduct by administration, staff, and employees.

    d. Based on the above-described facts and conduct, UNE and Small breached their duties of care owed to Plaintiff.

57. As a result of UNE and Small's conduct, Anderson has suffered damages, including counseling and/or medical expenses, severe emotional distress, humiliation, embarrassment, attorneys' fees, and costs to address the conduct set forth above.

## COUNT IV 42 U.S.C. 1983

58. Plaintiff repeats and reassert the allegations of paragraph 1 through 38 of the Complaint as if fully set forth therein.

59. In her conduct as a professor at UNE, Small always was under color of state law as an agent and employee of UNE. Small was acting in the course and scope of her duties as a professor during the times that she engaged in sexual misconduct with Anderson.

60. Small's conduct was performed in bad faith, with malice and/or reckless disregard for the emotional and/or physical health of Anderson and constitutes egregious and outrageous behavior.

61. Small's sexual advances towards Plaintiff and subsequent retaliatory defamation of Anderson while he was a student violated Anderson's constitutional right of substantive due process, including, but not limited to, his right to bodily integrity, personal privacy, and bodily security.

62. The facts and circumstances of this case demonstrate that Small's conduct toward Plaintiff on each occasion was clearly unreasonable.

63. As a result of Small's conduct, Anderson has suffered damages, including counseling and/or medical expenses, severe emotional distress, humiliation, embarrassment, attorneys' fees, and costs to address the conduct set forth above, and punitive damages.

## COUNT V TITLE IX.

64. Anderson incorporates by reference the allegations in the above paragraphs.

65. Title IX makes it illegal for a University to maintain a hostile sexual environment based upon gender.

66. Small's conduct created a quid pro quo and hostile environment based upon gender.

67. The subject hostile environment caused Anderson to suffer damages as alleged below in the prayer for damages.

68. Small and UNE's behavior exhibited a conscious disregard for Anderson's civil rights and provides a basis for punitive damages.

69. As a result of Defendants' conduct, Anderson has suffered damages as set forth below.

## COUNT VI:  TITLE IX RETALIATION

70. Anderson incorporates by reference the allegations in the above paragraphs.

71. Title IX makes it illegal for a university to retaliate against a student for opposing a condition or practice in violation of Title IX.

72. UNE and Small retaliated against Anderson because he did not agree and opposed to the sexual relationship with Small.

73. The retaliation caused the Anderson to suffer damages as alleged below in the prayer for damages.

74. Defendants' conduct exhibited a conscious disregard for Title IX.

75. As a result of Defendants' conduct, Anderson has suffered damages as set forth below.

## COUNT VII: BREACH OF CONTRACT

76. Anderson incorporates by reference the above paragraphs.

77. UNE and Anderson entered into a contract whereby the Plaintiff paid tuition to Defendant in exchange for a professional educational atmosphere with mature competent professors.

78. UNE breached the subject agreement by exposing Plaintiff to the environment and treatment described above.

79. The breach of contract caused the Plaintiff to suffer damages as alleged below in the prayer for damages.

## COUNT VIII. DEFAMATION.

80. Anderson incorporates by reference the above paragraphs.

81. UNE and Small defamed Anderson by claiming that he was a safety threat.

82. UNE and Small knew or should have known that the defamatory statement about Anderson was false.

83. UNE and Small published or allowed the defamatory statement to be published.

84. As a result of Defendants' conduct, Anderson has suffered damages as set forth below.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court (1) enter judgment of favor of the Plaintiff and (2) award damages sufficiently large to compensate for damages he has suffered as a result of Defendants' conduct including, but not limited to, damages for general and non-economic damages, economic damages, prejudgment and post judgment interest, lost wages, punitive damages, costs of this suit, including reasonable attorney fees and costs, and such further relief the Court may deem proper.

Dated: <u>June 23, 2021</u>             /s/ Guy D. Loranger
                                        Guy D. Loranger, Esq. Bar No.9294
                                        Attorney for Plaintiff

                                                  Law Office of Guy D. Loranger  
                                                  1 Granny Smith Court, Suite 3  
                                                  Old Orchard Beach, Maine 04064  
                                                  (207) 937-3257