**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

TYLER ANDERSON,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )   Docket no. 2:21-cv-00169-GZS
                                         )
UNIVERSITY OF NEW ENGLAND,               )
                                         )
                    Defendant.           )
                                         )

**ORDER ON MOTION TO DISMISS**

Before the Court is Defendant University of New England's Motion to Dismiss (ECF No. 7). For reasons briefly stated herein, the Court GRANTS IN PART Defendant's Motion and dismisses Counts I, II, IV & VIII. As to Plaintiff's remaining claims, the Court RESERVES RULING on the Motion.

Plaintiff Tyler Anderson's Complaint (ECF No. 1) contains eight counts, including three claims asserting violations of 42 U.S.C. § 1983 (Count I, II & IV), as well as Negligence (Count III), Title IX Harassment (Count V), Title IX Retaliation (Count VI), Breach of Contract (Count VII), and Defamation (Count VIII). In responding to Defendant's Motion to Dismiss, Plaintiff indicates that he does not oppose dismissal of Counts I, II, IV, and VIII. (See Pl. Response (ECF No. 11), PageID # 56 n.1.) Given this concession, the Court is left to consider whether the Complaint states plausible claims for Negligence, Breach of Contract, and Harassment or Retaliation in violation of Title IX.

Notably, in a single-sentence footnote to his Response, Plaintiff requests, "[i]f necessary, . . . the opportunity to amend his complaint to plead additional facts" to support these four unconceded claims. (Pl. Response, PageID # 60 n.2.) Defendant responds to this request via its

own footnote, describing Plaintiff's request as "improper and inadequate." (Def. Reply (ECF No. 14), PageID # 81 n.1.)   To be clear, Defendant's objection is well founded, and the Court recognizes that it could exercise its discretion to deny or disregard Plaintiff's request to amend. See, e.g., Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 108 (1st Cir. 2013) (district court acted within its discretion when completely disregarding bare request to amend raised in brief opposing dismissal); see also 3 James Wm. Moore et al., Moore's Federal Practice § 15.17 (3d ed. 2021) ("A motion requesting only that the court grant the plaintiff the opportunity to correct deficiencies if necessary, and that fails to apprise the court of any facts that might be included in an amended complaint, will justify denial of the motion for leave to amend.").   But, it is also within the Court's discretion to entertain the request, and, here, the Court concludes that the interests of justice are best served by considering the merits of Plaintiff's request to amend.[1]   See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); see also, e.g., Official Comm. of Unsecured Creditors v. Calpers Corp. Partners LLC, No. 1:18-cv-00068-NT, 2018 WL 11313799, at *2 (D. Me. Oct. 12, 2018) (finding no reason to deny an initial request to amend); Sandler v. Calcagni, 243 F.R.D. 24, 25 (D. Me. 2007) (granting leave to amend before commencement of discovery).

"[A] district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." Jenkins v. Housing Ct. Dep't, 16 F.4th 8, 19 (1st Cir. 2021) (cleaned up).   Here, there is no indication of undue delay.

---

[1] Although the Court grants Plaintiff's improper request on this occasion, such forbearance should not be expected as a matter of course.  "Requests to amend should be made by separate motion and should attach the proposed amended complaint so that the Court is able to evaluate the nature of the proposed amendment and its sufficiency."  Levitt v. Sonardyne, Inc., No. 2:12-cv-00032-JAW, 2012 WL 5350037, at *2 (D. Me. Oct. 29, 2012) (citing Aponte-Torres v. University of P.R., 445 F.3d 50, 58 (1st Cir. 2006)); see also Fed. R. Civ. P. 7(b)(1)(A); D. Me. Loc. R. 7(a).

The matter is at an early stage; if Plaintiff had sought to amend only a week earlier, he would have been allowed to do so as a matter of course.  See Fed. R. Civ. P. 15(a)(1)(B).

Nor is the Court certain that amendment would be futile at this stage.  Cf. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009) ("If the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." (cleaned up)).  "Where, as here, a party seeks leave to amend before any discovery has occurred, a reviewing court assays futility with reference to the Rule 12(b)(6) pleading criteria."  Privitera v. Curran (In re Curran), 855 F.3d 19, 28 (1st Cir. 2017).  To survive a motion to dismiss under Rule 12(b)(6), Plaintiff need only plead sufficient facts to "nudge[] [his] claims across the line from conceivable to plausible."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 548 (2007).  Here, to the extent Plaintiff's allegations may be "so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual,'" Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. 544 at 557 n.5), these defects may yet be cured by better pleading.  Cf. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (holding that where the "problem with [a complaint] is substantive [and] better pleading will not cure it," leave to amend should be denied as futile).

Finally, as to bad faith, the Court again notes that, in response to Defendant's Motion to Dismiss, Plaintiff conceded that four of his eight claims should be dismissed.  (Pl. Response, PageID # 56 n.1.)  The Court finds these broad concessions representative of Plaintiff's good faith.

Therefore, as to Counts I, II, IV & VIII, Defendant's Motion to Dismiss (ECF No. 7) is hereby GRANTED without objection.  With respect to Plaintiff's other claims, the Court

RESERVES RULING on Defendant's Motion to Dismiss.  Plaintiff is granted leave to file an amended complaint no later than February 15, 2022.[2]

       SO ORDERED.

                                   /s/ George Z. Singal
                                   United States District Judge

Dated this 1st day of February, 2022.

---

[2] If Plaintiff files an amended complaint by this deadline, the Court anticipates that it will deny the remainder of the pending Motion to Dismiss as moot and set a deadline for Defendant to respond to the amended complaint.